141 F.3d 1179
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellant,
v.
Jose Cosme ALCANTAR-MARTINEZ, Defendant-Appellee.
 No. 97-10253.
D.C. No. CR-96-00390-SI.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted Mar. 10, 1998**.
Decided Mar. 18, 1998.
 
 1
 Appeal from the United States District Court for the Northern District of California Susan Yvonne Illston, District Judge, Presiding.
 
 
 2
 Before CHOY and REINHARDT, Circuit Judges, and RESTANI, Judge***.
 
 
 3
 MEMORANDUM*
 
 
 4
 Following the defendant's guilty plea, the district court departed downward from the sixteen-level enhancement mandated by United States Sentencing Guideline § 2L1.2(b)(2) and sentenced him to twelve months. Subsequently, we held in United States v. Rios-Favela, 118 F.3d 653 (9th Cir.1997), that a district court does not have the legal authority to depart downward based upon a consideration of the facts of the predicate aggravated felony. Both parties agree that for this reason the sentence the defendant received was erroneous. The defendant points out, however, that after Rios-Favela was decided U.S.S.G. § 2L1.2(b)(2) was amended to include an application note which allows for a departure based upon the "seriousness" of the underlying felony. He asked us to apply the amended version of § 2L1.2(b)(2) to his case, and to conclude that he qualifies under its requirements for the downward departure. We decline to do so, preferring to leave it to the district court to construe and apply the amendment initially at the time of resentencing.
 
 
 5
 We note that this court, sua sponte, in United States v. Sanchez-Rodriguez, No. 97-10238 (9th Cir. Mar. 2, 1998) (unpublished order) asked for further briefing, calling into question the validity of Rios-Favela in light of the subsequent case, United States v. Mendoza, 121 F.3d 510 (9th Cir.1997). While Rios-Favela held that a district court does not have the legal authority to depart downward based upon a consideration of the facts of the predicate aggravated felony, in Mendoza this court held, while discussing a different guideline provision, that unless the Commission has categorically proscribed a downward departure on a certain basis, the district court is permitted to consider that basis in its sentencing determination. Thus, resolution of a potential conflict between the two cases could affect whether the district court's original departure was valid.
 
 
 6
 Because appellant's original sentence will be completed soon, and because we would not have to concern ourselves with the issue which may be heard en banc if the district court determined that it would vacate the current sentence and resentence the defendant to the same or a lower term in accordance with the new application note, we remand for the limited purpose of permitting the district court to resentence the defendant in light of the new application note, should it determine that the new term it would impose would be equal to or less than the present one. Should the district court determine, however, that such would not be the case with respect to any new sentence, it shall not resentence him but instead shall advise this court of its conclusion. We note that resentencing is to be addressed by the district court in the first instance and thus the limited remand here is not intended to direct any particular resentencing outcome.
 
 Accordingly, this case is
 
 7
 REMANDED for a period of thirty days for the limited purpose specified above. The parties shall file a status report with this court at the end of the thirty day period.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 * The Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by the 9th Cir. R. 36-3